**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **ANTUAN SMITH, as next friend of, KAHMILAH LEDGESTER**, <br><br> Plaintiff, <br><br> v. <br><br> **STACEY MCDOWELL**, <br><br> Defendant. <br> _____ | Civil Action No. 7:10-CV-134 (HL) |

**ORDER**

On November 19, 2010, Antuan Smith, as next friend of Kahmilah Ledgester, filed this matter in the Valdosta Division of the United States District Court for the Middle District of Georgia, alleging diversity as the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, part of the Court's initial review process requires the Court to determine whether a proper jurisdictional basis exists in each case. *See* Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). When a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's jurisdiction can be based upon either a question of federal law or diversity of citizenship; however, as Plaintiff is attempting to establish jurisdiction based on diversity, the Court will not discuss the necessary elements of federal question jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires the

legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1).

**A.    Citizenship of the Parties**

In examining the citizenship allegations presented in the complaint, the Court finds that they are insufficient. First, Plaintiff states that she is a resident of 17571 Duval Avenue, Miami, Dade County, Florida. However, for purposes of 28 U.S.C. § 1332, the legal representative of an infant or incompetent is deemed to be a citizen of the same state as the infant or incompetent. 28 U.S.C. § 1332(c)(2). Plaintiff has filed suit against Defendant as next friend of her minor child, but nowhere in the complaint is the citizenship of the minor child identified.

Second, Plaintiff alleges that Defendant resides at 4164 Val Del Road, Adel, Cook County, Georgia. Federal courts hold that an individual's citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile requires one's physical presence within the state with the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. at 1257-58 (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Furthermore, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1957, 1608 (1989). A complaint merely alleging residency, as opposed to state citizenship or domicile, is insufficient to invoke diversity jurisdiction. Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992). Here, Plaintiff has alleged that Defendant resides in the State of Georgia, but has not established Defendant's place of citizenship.

2

As a result of these deficiencies, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the complaint fails to satisfy the prerequisites of subject matter jurisdiction. Plaintiff is ordered to file with the Court, not later than December 1, 2010, a brief containing evidence of the minor child's citizenship and Defendant's citizenship. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal of Plaintiff's complaint.

**B.     Amount in Controversy**

Plaintiff states that the amount in controversy is greater than $75,000. However, the only allegations regarding the value of her claim are that the minor child incurred medical bills, suffered mental pain and suffering, endured physical pain and suffering, and will suffer or incur some or all of these damages in the future (Compl. ¶¶ 20, 24).

Generally, the court should defer to the value the plaintiff places on his claim. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir.2003). Ordinarily, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. at 807 (citation omitted). "However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Id. Indeterminate damages are those that are not given a dollar amount. Id. ("McKinnon did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim. Therefore, the damages McKinnon prays for under the bad faith claim are indeterminate.")

3

To prove damages by the preponderance of the evidence the party seeking federal jurisdiction must do more than conclusorily assert that the amount in controversy exceeds $75,000. Failure to quantify the amount of loss can constitute speculation, which is insufficient to satisfy the plaintiff's burden. <u>Bradley v. Kelly Services, Inc.</u>, 224 Fed. App'x 893, 895 (11th Cir.2007).

In this case, Plaintiff is asking for an indeterminate amount in damages because she has not placed a dollar value on any of her claims. Thus, it is now incumbent upon her to come forward with evidence sufficient to show by a preponderance of the evidence that her claims meet the jurisdictional minimum.

To show the damages suffered, Plaintiff is to present evidence on the amount of the medical bills and claimed damages for emotional pain and suffering and physical pain and suffering. Plaintiff is ordered to file with the Court, not later than December 1, 2010, evidence sufficient to show by a preponderance of the evidence that the claims exceed the $75,000 jurisdictional floor. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal of Plaintiffs' complaint.

**SO ORDERED**, this the 22nd day of November, 2010.

        /s/ Hugh Lawson
        **HUGH LAWSON, SENIOR JUDGE**

mbh