IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**ANTUAN SMITH, as next friend of K. L.**,

   Plaintiff,

v.

**STACEY MCDOWELL,**

   Defendant.

_____

Civil Action No. 7:10-CV-134 (HL)

**ORDER**

On March 29, 2011, Defendant filed a motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendant argued that Plaintiff had not established by a preponderance of the evidence that her claim for damages exceeded the $75,000 minimum required for diversity jurisdiction. Plaintiff filed her response to the motion to dismiss on May 5, 2011. Defendant did not file a reply.

The Court scheduled a hearing on the motion to dismiss for July 12, 2011. Electronic notice of the hearing was sent to counsel on June 13, 2011. The hearing was held on July 12, with only counsel for Defendant appearing. The Court granted the motion to dismiss from the bench, and entered an order memorializing the ruling on that same day. Judgment in favor of Defendant was subsequently entered.

Plaintiff has now filed a Motion to Vacate Judgment (Doc. 37) pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(6). Rule 60(b)(1) authorizes a court to relieve a party from a

final judgment or order upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) is a catch-all provision that authorizes relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Plaintiff argues that she should not be punished for counsel's failure to appear at the July 12 hearing, and contends that the failure to appear was the reason the Court granted Defendant's motion to dismiss. Plaintiff relies on the Court's minute sheet from the hearing and the order memorializing the bench ruling as the basis for her contention that the motion to dismiss was granted only because counsel did not attend the hearing.

The Court first notes that the minute sheet is not the official court record. The minute sheet contains a disclaimer which states that the "[c]ontents of this Minute Sheet are for administrative purposes ONLY and are NOT meant as a substitution for the official court record." (Doc. 35). In any event, the minute sheet does not in fact state that the motion to dismiss was granted because it appeared to be unopposed.

At the hearing, the Court did note that neither Plaintiff nor her counsel appeared, and stated that the motion appeared to be unopposed. However, the Court had all of the filings from Plaintiff in connection to the motion to dismiss and had reviewed them prior to the hearing. Counsel for Defendant even stated to the Court that Plaintiff had filed responsive pleadings to the motion to dismiss. The Court confirmed that the motion had been fully briefed, and Defendant's attorney argued the issue of whether Plaintiff could meet the $75,000 threshold.

Based on both the parties' previous filings and the argument at the hearing, the Court granted the motion to dismiss. In order to erase any confusion, the Court confirms here that the case was dismissed for lack of subject matter jurisdiction, not because of any mistake, negligence, or inadvertence on the part of Plaintiff or her counsel. The party commencing suit in federal court, in this case Plaintiff, has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Ordinarily, a plaintiff's claim that the amount in controversy exceeds $75,000 is sufficient unless it appears "to a legal certainty that the claim is really less than the jurisdictional amount. . . ." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938). However, when the claim is for indeterminate damages, as it is here, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional requirements." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Thus, it was Plaintiff's burden to show that the actual damages will more than likely not exceed the jurisdictional amount, and the Court does not believe Plaintiff met that burden. Plaintiff's Motion to Vacate Judgment (Doc. 37) is denied.

**SO ORDERED**, this the 3rd day of October, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh